JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JULIE GONZALEZ, et al.,<br>Plaintiffs,<br>v.<br>NISSAN NORTH AMERICA, INC., et al.,<br>Defendants. | Case No. 5:25-cv-02718-SP<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |

**I.**

**<u>INTRODUCTION</u>**

On November 10, 2025, plaintiffs Julie Gonzalez and Ruth P. Cruz filed a motion to remand this case to San Bernardino Superior Court ("Mtn."), contending that there is not complete diversity of citizenship among the parties and therefore this court lacks subject matter jurisdiction. Docket no. 8. Plaintiffs' motion is supported by the declaration of their counsel Roy Enav ("Enav Decl.") and exhibits.

Defendant Nissan North America, Inc. ("Nissan") filed an opposition to the motion on November 17, 2025 ("Opp."), arguing that the citizenship of co-defendant MEC Holding Company d/b/a Fontana Nissan ("Fontana Nissan") should be disregarded under the fraudulent joinder doctrine, and in any event the claim against Fontana Nissan should

be severed, leaving complete diversity between plaintiffs and Nissan. Docket no. 9. The opposition is supported by the declaration of their counsel Jason M. Richardson ("Richardson Decl.") and exhibits. Plaintiffs filed a reply on November 25, 2025 ("Reply"). Docket no. 11.

The court held a hearing on plaintiffs' motion on December 9, 2025. After carefully considering the information provided and arguments advanced and the record before it, the court now grants plaintiffs' motion to remand for the reasons that follow.

**II.**

**BACKGROUND**

Plaintiffs filed the instant action in San Berardino County Superior Court on April 21, 2025. Enav Decl. ¶ 4, Ex. 1. Plaintiffs allege they purchased a vehicle warranted by Nissan that was delivered with defects. Plaintiffs assert four causes of action: three under California's Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1792 et seq.) against defendant Nissan; and one for negligent repair against defendant Fontana Nissan. On July 30, 2025, Nissan filed its answer in San Bernardino County Superior Court. *Id.* ¶ 9, Ex. 4. On August 8, 2025, Fontana Nissan filed its answer in state court. *Id.* ¶ 10, Ex. 5.

On October 15, 2025, defendant Nissan removed the action to this court based on claimed diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1446. Docket no. 2. In particular, Nissan alleges there is complete diversity of citizenship between plaintiffs and Nissan, and Fontana Nissan should be disregarded because it is fraudulently joined by plaintiffs. *Id.* at 4-7.

**III.**

**LEGAL STANDARD**

Any civil action over which the United States district courts have original jurisdiction may be removed to the district court for the district where such action is pending. 28 U.S.C. § 1441(a). A defendant may remove a case from state court to federal court where the case presents either a federal question or diversity jurisdiction.

28 U.S.C. §§ 1331-32. Under 28 U.S.C. § 1332, federal courts have subject matter jurisdiction when there is complete diversity of citizenship between the parties and when the amount in controversy exceeds $75,000. Complete diversity of citizenship requires that "each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

A defendant seeking to remove a case to federal court must file a notice of removal containing a "short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a). "In general, removal statutes are strictly construed against removal." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (citations omitted). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## IV.

## DISCUSSION

Plaintiffs do not dispute that the amount in controversy in this case exceeds $75,000. They argue the case should be remanded to state court because diversity of citizenship is lacking since defendant Fontana Nissan is, like plaintiffs, a California citizen.

### A. Fraudulent Joinder

Defendant Nissan argues that Fontana Nissan's citizenship should be disregarded under the fraudulent joinder doctrine. Opp. at 4-12. Nissan gives three reasons why the fraudulent joinder doctrine applies: (1) plaintiffs have not properly pled a claim for negligence against Fontana Nissan; (2) any negligence claim would be barred by the independent tort doctrine or economic loss rule; and (3) plaintiffs lack evidence to support any damages for their negligent repair claim. *Id.* at 4-8, 11-12.

When determining whether complete diversity of citizenship exists between several parties, "district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC*, 889 F.3d at 548 (citing *Chesapeake & O. R. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). As for the second way, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003) (per curiam)). "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder." *Grancare, LLC*, 889 F.3d at 548 (citation and internal quotation marks omitted).

First, Nissan argues that plaintiffs have not adequately pled a claim for negligence under California law. Opp. at 4-5. Nissan claims that plaintiffs failed to allege what damages they suffered or how they were cause by Fontana Nissan's allegedly negligent conduct. *Id.* at 5. As such, Nissan claims that plaintiff's claim is based only on conclusory allegations. *Id.* But, in order to prevail, Nissan "must establish that plaintiff[s] could not amend [their] complaint to add additional allegations correcting any deficiencies." *Dunning v. Hallmark Specialty Ins. Co.*, 2020 WL 6123133, at *5 (C.D. Cal. Aug. 11, 2020) (citation and internal quotation marks omitted). Even if plaintiffs' complaint lacks sufficient factual detail to state a claim at this stage, Nissan has offered no evidence that plaintiffs would be unable to allege additional facts in an amended complaint. Thus, this argument is unpersuasive.

Second, Nissan argues that plaintiff's negligent repair claim would be barred under *Rattagan v. Uber Techs., Inc.*, 17 Cal. 5th 1 (2024), and the economic loss rule. Opp. at

5-8. In *Rattagan*, the California Supreme Court examined the applicability of the independent tort rule and the economic loss rule, explaining that "[t]he economic loss rule is a device . . . that courts have developed to address and protect the often elusive boundary line between tort and contract law." *Rattagan*, 17 Cal. 5th at 19. *Rattagan* opined the following distinguishing principle:

> If the alleged breach is based on a failure to perform as the contract provides, and the parties reasonably anticipated and allocated the risks associated with the breach, the cause of action will generally sound only in contract because a breach deprives an injured party of a benefit it bargained for. However, if the contract reveals the consequences were not reasonably contemplated when the contract was entered and the duty to avoid causing such a harm has an independent statutory or public policy basis, exclusive of the contract, tort liability may lie.

*Rattagan*, 17 Cal. 5th at 27.

"District courts in California have been virtually unanimous in rejecting the argument that a dealer is fraudulently joined because the economic loss rule bars a negligent repair claim." *Luera v. Ford Motor Co.*, 2025 WL 2992483, at *3 (C.D. Cal. Oct. 23, 2025) (quoting *Cortez v. Nissan N. Am., Inc.*, 2024 WL 5054378, at *6 (C.D. Cal. Dec. 10, 2024)); *accord Benton v. Ford Motor Co.*, 2026 WL 2607640, at *4 (E.D. Cal. Sep. 3, 2026); *Rodriguez v. Ford Motor Co.*, 2026 WL 891834, at *2 (C.D. Cal. Mar. 31, 2026). Moreover, many courts have found that "the decision in *Rattagan* does not necessarily foreclose the possibility of a negligent repair claim based on an independent duty arising in tort." *Id.* (collecting cases); *accord Benton*, 2026 WL 2607640, at *4; *see also Acosta v. Nissan N. Am.*, 2025 WL 2835462, at *2 (C.D. Cal. Oct. 6, 2025) (collecting cases). As the *Acosta* court explained, "[a]lthough it is possible that a state court could find Plaintiff's negligent repair claim against the Dealership is barred under one or both of these authorities," that does not mean that Nissan has "adequately demonstrated that the Dealership 'cannot be liable on any theory.'" *Acosta*,

2025 WL 2835462, at *2 (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). Therefore, Nissan has not shown that plaintiffs fraudulently joined Fontana Nissan on this basis.

Finally, Nissan argues that plaintiffs lack evidence to support their damages in any negligence claim against Fontana Nissan. Opp. at 11-12. Nissan points to plaintiffs' initial document production from the state court action, which shows that plaintiffs were not charged for the warranty repair. *Id.* at 11; *see* Richardson Decl. ¶ 2, Ex. 2. Given the lack of charge for the warranty repair, it is not obvious what damages plaintiffs may have suffered as a result of the negligent repair. Without damages, plaintiffs are unable to make a prima facie case for negligent repair under California law. *See Burch v. Ford Motor Co.*, 758 F. Supp. 3d 1092, 1099 (N.D. Cal. 2024) ("To state a facially valid claim for negligent repair, a plaintiff need only establish the elements of a standard negligence claim: duty, breach, causation, and damages.") (citations omitted).

At the hearing, however, plaintiffs asserted that their damages claim against Fontana Nissan is not limited to out of pocket repair costs, but include damages to the vehicle and general damages due to Fontana Nissan's negligent attempt to repair the vehicle, and that they can amend to allege other damages such as dimunition in value due to poor repair. Although Nissan disputes these possibilities, the court cannot here find that plaintiffs, either before or after amendment, are unable to demonstrate any damages based on Fontana Nissan's negligent repair.

Accordingly, Nissan has failed to show that there is no possibility a state court could find plaintiffs state a cause of action for negligent repair against Fontana Nissan. As a result, Nissan has failed to meet its heavy burden to overcome the presumption against finding that Fontana Nissan has been fraudulently joined in the action. *See Grancare, LLC*, 889 F.3d at 548. Because Fontana Nissan is a defendant in this case, there is not complete diversity of citizenship, depriving this court of subject matter jurisdiction. Therefore, remand is appropriate.

**B. <u>Severance</u>**

Nissan also argues that in the event remand appears appropriate, this court should exercise its discretion under Federal Rule of Civil Procedure 21 to sever the negligent repair claim against Fontana Nissan. Opp. at 12-15.

"Federal Rule of Civil Procedure 21 'grants a federal district or appellate court the discretionary power to perfect its diversity jurisdiction by dropping a nondiverse party provided the nondiverse party is not indispensable to the action under Rule 19.'" *Acosta*, 2025 WL 2835462, at *3 (quoting *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980)). "The decision to sever a defendant for jurisdictional purposes is entrusted to the Court's sound discretion, and is by no means required or mandatory." *Healy v. FCA US LLC*, 2020 WL 3868799, at *3 (N.D. Cal. July 9, 2020) (citations omitted).

Here, even if it were to find that Fontana Nissan is a dispensable party, the court would not exercise its discretion to sever plaintiffs' negligent repair claim. As described by plaintiffs, the claims involve the same defective vehicle, repair history, similar witnesses and documents, such that the claims "are 'sufficiently intertwined, factually and legally, that severance would be inconvenient and inefficient.'" *Acosta*, 2025 WL 2835462, at *3 (quoting *Healy*, 2020 WL 3868799, at *3); Reply at 5. Thus, Nissan's request for severance is denied.

**V.**

**<u>CONCLUSION</u>**

IT IS THEREFORE ORDERED that: (1) plaintiffs' motion to remand (docket no. 8) is GRANTED; (2) this case will be REMANDED to the Superior Court of California, County of San Bernardino, case number CIVSB2511200, pursuant to 28 U.S.C. § 1447(c); and (3) the Court Clerk shall send a certified copy of this Order to the Superior Court.

Dated: September 28, 2026

SHERI PYM
United States Magistrate Judge